UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RONALD SATISH EMRIT

                Plaintiff,

    -against-

SEAN "P. DIDDY" COMBS; BAD BOY
ENTERTAINMENT; ATLANTIC RECORDS,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-00213 (PKC)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Ronald Satish Emrit, a resident of Sarasota, Florida, filed the instant complaint asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's complaint is far from a model of clarity. He asserts that Defendant Sean "P. Diddy" Combs ("Combs") has become a "public nuisance" following a "lawsuit filed by Cassandra Ventura." (Compl., Dkt. 1, at 5–6.) Plaintiff alleges that billboards that advertise products endorsed by Combs are an "eye sore" and "public nuisance." (*Id.* at 6.) Plaintiff asserts that the three defendants "have committed . . . tortious interference with business relations by continuing to enable a sexual predator . . . to conduct business in places of public accommodation[.]" (*Id.*) He further asserts that the defendants "have committed the products liability tort[] of design defect" by allowing Combs to represent Ciroc vodka and Sean John clothing. (*Id.*) Plaintiff argues that as a consumer of music and someone who sees "annoying billboards" on the highway, he has

standing to bring this action. (*Id.* at 7.) Plaintiff seeks $45 million in damages. (*Id.*)

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (emphasis added) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

## DISCUSSION

Even giving the most liberal construction to Plaintiff's complaint, the Court cannot find that a cause of action has been alleged. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court finds that Plaintiff's complaint lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325; *see also Albarran v. Apple*, No. 22-CV-07382, 2023 WL 8622841, at *2 (E.D.N.Y. Dec. 13, 2023) (dismissing *pro se* complaint as frivolous where the court could not discern a cognizable cause of action); *Capers v. Interfaith Hosp.*, No. 22-CV-05471, 2023 WL 8654019, at *2 (E.D.N.Y. Dec. 13, 2023) (similar); *Burton v. USA*, No. 21-CV-06238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rise to the level of the irrational).

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

## WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and

3

their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (alteration and internal quotation marks omitted).

The Court takes judicial notice of Plaintiff's multitude of federal complaints, including substantially identical complaints filed in other districts. *See* Compl., Dkt. 2, *Emrit v. Combs*, No. 24-CV-00017 (D. Del. Jan. 8, 2024); Compl., Dkt. 1, *Emrit v. Combs*, No. 24-CV-00007 (N.D. Fla. Jan. 10, 2024); Compl., Dkt. 1, *Emrit v. Combs*, No. 24-CV-00144 (D.N.J. Jan. 5, 2024); Compl., Dkt. 1, *Emrit v. Combs*, No. 24-CV-00028 (N.D.N.Y. Jan. 8, 2024); Compl., Dkt. 1, *Emrit v. Combs*, No. 24-CV-00030 (W.D.N.Y. Jan. 8, 2024); Compl., Dkt. 2, *Emrit v. Combs*, No. 24-CV-00129 (E.D. Pa. Jan. 11, 2024). According to Public Access to Court Electronic Records ("PACER"), since 2014, Plaintiff has filed at least 772 actions throughout the country. *See* PACER, https://pcl.uscourts.gov (last visited Jan. 16, 2024).

Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)); *see also Celli v. Engelmayer*, No. 22-CV-04646, 2023 WL 2666876, at *4 (E.D.N.Y. Mar. 28, 2023).

## CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied


for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

<div style="text-align: right">

SO ORDERED.

<u>*/s/ Pamela K. Chen*</u>
PAMELA K. CHEN
United States District Judge

</div>

Dated: January 16, 2024
      Brooklyn, New York